FILED
 2008 May-06 PM 12:42
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MARY C. DeJARNETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) Case No. 5:07-cv-01051-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Mary C. DeJarnett commenced this action on June 6, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly: (1) considered her subjective complaints of pain; and (2) rejected the opinion of Dr. Jesus Hernandez, claimant's treating physician. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

In the present case, the ALJ found that claimant suffered from a severe combination of impairments that included fibromyalgia, depression, migraine

headaches, hiatal hernia, osteoarthritis, and gastroesophageal reflux disease.[1]  The ALJ, however, discredited claimant's subjective testimony on pain, noting that there was scant objective evidence to support her various complaints, repeated functional tests had been within normal limits, and claimant reported relief as well as no adverse side effects from her prescribed medications.[2]  These conclusions were supported by substantial evidence.

Further, the ALJ did not err by rejecting the opinion of plaintiff's treating physician, Dr. Hernandez.  The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Contrary to claimant's position, the ALJ clearly gave "substantial weight" to the opinion of Dr. Hernandez.[3]  Claimant's argument, rather, is premised on a misstatement of the record in that she mistakenly attributes to Dr. Hernandez a medical source statement that was prepared by a different physician, Dr. Irma Fernandez de Leon (who is not one of claimant's treating physicians).  That medical source statement was discounted by the ALJ because of a "lack of clinical evidence" in support of its contents.[4]  There is no indication in the record that Dr. Fernandez de

---

[1]Tr. at 24, 26.
[2]*Id*. at 25.
[3]*Id*. at 22-23.
[4]*Id*. at 23.

Leon is either employed by, or otherwise associated with, Dr. Hernandez, nor is there any suggestion in the record that Dr. Hernandez agreed with — or was even aware of — the conclusions reached by Dr. Fernandez de Leon in her medical source statement. The report prepared by Dr. Fernandez de Leon, and the ALJ's rejection of its contents, constitutes claimant's sole basis for her argument that the ALJ improperly discounted her treating physician's opinion. As such, claimant has failed to demonstrate that the opinion of her *treating physician* was not given substantial weight by the ALJ.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 6th day of May, 2008.

_____
United States District Judge